## STATE EX REL. ERNEST FUHS v. R. J. KARTAK.[1]

August 2, 1935.

No. 30,608.

*Allan M. McGill,* for relator.

*M. F. Kinkead,* County Attorney, and *James F. Lynch,* Assistant County Attorney, for respondent.

PER CURIAM.

Original proceeding on a writ of *habeas corpus.* This opinion is filed in support of the order made June 26, 1935, discharging relator from respondent's custody.

Relator was originally proceeded against in the court of a justice of the peace in North St. Paul. The complaint charged him with driving an automobile on a highway while in an intoxicated condition. The complaint, on a printed form, charged the offense as one against both an ordinance of the village of North St. Paul and also the statute, 1 Mason Minn. St. 1927, § 2720-61. Without amendment of the complaint, relator was convicted in the justice court. He appealed on questions of law and fact to the district court. There he demurred to the complaint upon the ground that

[1]Reported in 262 N. W. 221.

more than one offense was charged. Thereupon the state moved for leave to strike from the complaint the portion charging a violation of the village ordinance. That motion was granted, and the demurrer overruled.

The trial proceeded, and relator was convicted and committed to the St. Paul workhouse for a term of six months.

The complaint charged two offenses, one against the ordinance and the other against the statute. The latter, a gross misdemeanor, is beyond the jurisdiction of the justice court. Hence the only thing which could have been tried and for which there could have been a conviction in the justice court was the offense against the ordinance. In that court relator was convicted of that offense or he was convicted of nothing. His appeal to the district court, consequently, conferred only the right to try relator for the offense against the ordinance. The proceeding was not original in that court. The only thing of which the district court had appellate jurisdiction was the conviction in the justice court, which, as already indicated, was necessarily confined to the offense against the ordinance. Therefore, when the district court struck from the complaint the portion thereof which charged an offense against the ordinance it deprived itself of jurisdiction to try for that offense. It never acquired any other. Relator's submission of his person to the jurisdiction of the district court did not confer jurisdiction to try for any offense other than that of which he had been convicted in the justice court.

For that reason relator was ordered discharged.